UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Edward Hill, #231352, *aka Yah Chanan Ali*, | ) C/A No. 8:11-1429-HFF-JDA ) |
| Petitioner, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Warden Donald Beckwith, | ) ) |
| Respondent. _____ | ) ) |

Petitioner, Mark Edward Hill, # 231352, a.k.a. Yah Chanan Ali, (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas corpus relief. Petitioner is a state prisoner in the South Carolina Department of Corrections' Wateree River Correctional Institution in Rembert, South Carolina. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton *v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989);

1

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe *pro se* petitions liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).  However, "[e]ven though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

Petitioner files this § 2254 habeas petition challenging his February 6, 2007 guilty pleas to drug-related crimes and his eleven-year sentence imposed in Fairfield County (SC) General Sessions Court. Petitioner alleges that he did not file a direct appeal in his criminal case, but filed two applications for post-conviction relief (PCR) in Fairfield County Common Pleas Court, *i.e.* C/A No. 2008-CP-20-047, dismissed on June 30, 2009, and C/A No. 2010-CP-20-0123, dismissed, with no date of dismissal alleged.[1] Petitioner alleges that he submitted a petition for writ of certiorari to the United States Supreme Court in C/A No. 2008-CP-20-047, which was dismissed on February 3, 2011. However, Petitioner does not allege that he appealed the denial of either of his PCR applications by submitting a petition for writ of certiorari to the Supreme Court of South Carolina.

In the instant Petition, Petitioner alleges four grounds for relief to support his request "to be released from [the] South Carolina Department of Corrections to carry out [his] duties as a free national that is parcel to this government." ECF No. 1, p. 15. Petitioner alleges: (1) denationalization; (2) race/ethnicity/status mis[s]classification; (3) violation of the 1787 Peace and Friendship Treaty between Morocco and the US (which forbids a Moor

---

[1] The Court takes judicial notice that the Fairfield County Sixth Judicial Circuit Court Public Index indicates that Petitioner's first PCR action was dismissed on August 11, 2009 and his second PCR action was dismissed on May 12, 2011. *See* http://publicindex.sccourts.org/fairfield/publicindex/PISearch.aspx?CourtType=G (last visited July 14, 2011). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *In Re Katrina Canal Breaches Consol. Litig.,* 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental Web sites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

to be tried in any Christian Corporate Court); and (4) violation of the Moors Sundry Act of 1790. *See* ECF No. 1, p. 5-10. Petitioner alleges that none of these grounds were raised in state court on direct appeal or through a PCR or state habeas petition. In response to the questions on the Form AO 241 asking why state remedies were not exhausted on these grounds, Petitioner alleges that the case "need[s] to be heard in [the] proper jurisdiction," (*see* ECF No. 1, p. 5, 6, 7, 9, 10, 12), although Petitioner, contradictorily, checked the block indicating that he did raise ground (1) in state court.[2] Attached to Petitioner's Form AO 241 is a thirteen-page, typed document entitled "Writ of Habeas Corpus Chapter 28 U.S.C.A. § 2254," which is difficult to follow because of several lengthy nonsensical passages, but in which Petitioner essentially appears to allege that his true and actual legal status is that of an "Aboriginal Indigenous Moor" and "political hostage," who was "denationalized" at birth and over whom South Carolina and the United States have no jurisdiction, pursuant to the aforementioned 1787 "Peace and Friendship Treaty" and 1790 "Moors Sundry Act." *See* ECF No. 1-1, p. 1-13. Petitioner also attaches an "Affidavit of Truth: Declaration of Independence; Proclamation of Nationality, Status and Domicile," in which he declares his status as a free Aboriginal Indigenous Moor, and declares and affirms that he is "not a US citizen, US person, US resident, resident alien,

---

[2] A writ of habeas corpus under § 2254 can generally only be sought *after* a petitioner has exhausted his state remedies. *See* 28 U.S.C. § 2254(b). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also Woodford v. Ngo*, 548 U.S. 81 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004).

4

immigrant, artificial person, migrant, federal citizen, or 14th amendment citizen." *See* ECF No. 1-2, p. 1-3.

## DISCUSSION

This § 2254 Petition is subject to summary dismissal because it plainly appears from the Petition and attached exhibits that Petitioner is not entitled to relief in the district court. *See* Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. "The purpose of the writ of habeas corpus is to free individuals from custody who are unlawfully detained." *Kanai v. McHugh*, No. 10-6086, 2011 WL 754783, at *2 (4th Cir. March 4, 2011). Each of Petitioner's grounds for relief are based on the premise that he should not have been prosecuted for violating the criminal laws of South Carolina because he is an Aboriginal indigenous Moor. This assertion is factually frivolous on its face. *See, e.g., Caldwell v. Wood*, No. 3:07cv41, 2010 WL 5441670 (W.D.N.C. Dec. 28, 2010) (in a § 2254 case, finding that petitioner's allegation of membership in the Moorish-American nation which entitled him to ignore state laws was ludicrous); *United States v. Lee-El*, Cr. No. 08-20140-01-KHV, 2009 WL 4508565 (D.Kan. Nov. 24, 2009) (finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09 CV 8746(GBD), 2009 WL 3756331 (S.D.N.Y. Nov. 4, 2009) (dismissing § 2241 petition because it plainly appeared that petitioner was not entitled to relief where he alleged he was a Moorish-American citizen not subject to state and federal laws); *Hotep v. United States*, No. 3-07-CV-065-K, 2007 WL 1321845 (N.D.Tex. May 7, 2007) (finding that a civil action by a person claiming to be indigenous aboriginal Moorish for "denationalization" was

factually frivolous and subject to dismissal with prejudice as frivolous). Therefore, Petitioner is plainly not entitled to a writ of habeas corpus because his grounds for relief do not show that he is unlawfully detained.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page

                                                        s/Jacquelyn D. Austin

                                                        Jacquelyn D. Austin
                                                        United States Magistrate Judge

July 15, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).